UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GRAY CONSTRUCTION, INC. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br><br>PETITIONERS,<br><br>V.<br><br>WAL-MART STORES, INC.,<br><br>RESPONDENT. | CIVIL ACTION NO. 18-cv-1555<br><br>*FILED ELECTRONICALLY*<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Petitioner, Gray Construction, Inc. ("Gray"), and co-Petitioner, Travelers Casualty and Surety Company of America ("Travelers"), move this Court for entry of a Judgment confirming an arbitration award rendered in favor of Gray and Travelers against Respondent, Wal-Mart Stores, Inc. ("Wal-Mart"). In support of this petition, Gray and Travelers state the following.

**THE PARTIES**

1. Gray is a Kentucky corporation with its principal place of business in Kentucky.

2. Travelers is a Connecticut corporation with its principal place of business in Connecticut.

3. Wal-Mart is a Delaware corporation with its principal place of business in Arkansas.

4. The present controversy arises out of a contract evidencing transactions in interstate commerce because Wal-Mart, which is based in Arkansas, contracted with Gray, which is based in Kentucky, to construct a refrigerated distribution center in Minnesota, and because Travelers, which is based in Connecticut, issued certain bonds concerning this construction contract.

1

## JURISDICTION AND VENUE

5.      This is a petition to confirm an arbitration award pursuant to 9 U.S.C. § 9.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Wal-Mart consented to personal jurisdiction in this Court pursuant to the terms of the written construction contract between Wal-Mart and Gray.

8.      Venue is proper in this Court pursuant to 9 U.S.C. § 9 because the arbitration hearing was conducted in, and the arbitration award was issued in, Hennepin County, Minnesota, pursuant to the terms of the arbitration provisions of a written agreement between the parties. 9 U.S.C. § 9 states that "[i]f no court is specified in the agreement of the parties, then such petition may be made to the United States court in and for the district within which such award was made." No court is specified in the construction contract between Gray and Wal-Mart, therefore venue is proper in this Court.

## FACTS

9.      The dispute among the parties arose out of the construction of a 470,000 square foot refrigerated distribution center on an 80-acre site center in Mankato, Minnesota pursuant to a written construction contract dated May 17, 2014 (the "Contract"). A true and accurate copy of the Contract is attached hereto as **Exhibit 1**.

10.     As required by the Contract, Gray furnished payment and performance bonds issued by Travelers.

11.     Certain claims and disputes developed between Gray and Wal-Mart arising out of the Contract.

12. Pursuant to the terms of the Contract, Wal-Mart and Gray agreed:

8.3.1 Any claim that is not resolved by negotiation between the parties shall be subject to non-binding mediation as a condition precedent to the institution of legal proceedings by either party. The parties shall share the mediator's fee and any filing fees equally, and the mediation shall be held in the State in which the project is located. Any claim that is not resolved by mediation shall be decided pursuant to the procedures set forth in this paragraph 8.3.

8.3.2 Any claim that is not resolved by mediation as aforesaid that satisfies either of the following conditions shall be decided by resort to binding arbitration in the State in which the Project is located: (a) the claim involves an amount in dispute in excess of Two Million and No/100 Dollars ($2,000,000.00) and/or (b) the claim involves three (3) or more parties, each of whom have agreed to resolve disputes by resort to binding arbitration. Notwithstanding the foregoing, if Walmart or Contractor seek to assert a legal defense to a claim asserted against it based on the expiration of the statute of limitations or the statute or repose or upon the theory of laches, then such claim shall be submitted to a court of competent jurisdiction in accordance with the requirements of paragraph 8.3.3 below separate from any arbitration proceeding. Binding arbitration required hereunder shall be subject to the remaining terms of this paragraph 8.3.2.

8.3.2.1 The arbitration shall be conducted on a confidential basis in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect, and such arbitration shall be conducted by three (3) arbitrators selected pursuant to American Arbitration Association rules. At least two of the arbitrators shall be attorneys.

8.3.2.2 Either Walmart or Contractor shall be permitted to include in the arbitration proceeding, by consolidation or joinder or otherwise, any parties substantially involved in a common question of fact or law, and Contractor hereby agrees to include in its subcontracts and purchase orders entered into in connection with the Project provisions identical to those contained in this paragraph to allow (and require) such parties to be so joined to such arbitration. The foregoing agreement to arbitrate shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

>8.3.2.3  The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
>
>. . .
>
>8.3.5  The parties acknowledge that they have read and understand this clause and agree voluntarily to its terms.

13. Pursuant to the terms of the Contract, after the parties failed to resolve their disputes by negotiation, Gray, Travelers and Wal-Mart participated in non-binding mediation before mediator John M. Harens, Esq. in Minneapolis, Minnesota beginning on September 15, 2016.

14. Gray, Travelers and Wal-Mart did not resolve all of their disputes in that mediation, and the unresolved claims involved an amount in dispute in excess of $2 million.

15. Accordingly, on October 28, 2016, Gray commenced an arbitration proceeding administered by the American Arbitration Association ("AAA").

16. On November 26, 2016, Wal-Mart answered Gray's demand, counterclaimed and asserted third-party claims against Travelers, as surety.

17. Thereafter, the AAA appointed Mark J. Heley, Gregory Bistram and Robert Huber as arbitrators.  All three arbitrators are attorneys who practice in Minneapolis, Minnesota.

18. A preliminary hearing was held on April 26, 2017 before the arbitrators.

19. By agreement of the parties and Order of the Arbitrators, procedures for the arbitration proceeding were fixed, and a Final Hearing was scheduled to commence before the arbitrators in Minneapolis, Minnesota starting on February 12, 2018.

20. Per the Contract, the arbitration proceedings were conducted in accordance with the Construction Arbitration Rules of the American Arbitration Association.

21. The parties engaged in discovery and motion practice over the course of the following ten months, after which Gray, Travelers and Wal-Mart participated in six days of evidentiary hearings before the arbitrators in Minneapolis, Minnesota between February 12-20, 2018.

22. On April 11, 2018, Gray and Travelers, on one hand, and Wal-Mart, on the other, filed post-hearing briefs, and the hearing was closed on that date.

23. On May 8, 2018, the arbitrators rendered a Final Award that awarded:

> $223,438.52 to Gray Construction, Inc., against Walmart Stores, Inc., plus simple interest on that amount at the rate of 4.75% per year from October 28, 2016, until paid, for claims arising out of a contract for the construction of Walmart's food distribution center in Mankato, Minnesota; and nothing to Walmart for its claims against Travelers Casualty and Surety Company of America.

The Final Award also included the arbitrators' reasoning. A copy of the Final Award is attached hereto as **Exhibit 2**.

24. Following issuance of the Final Award, Gray has requested assurance from Wal-Mart that Wal-Mart will make prompt payment of the amounts awarded to Gray. Wal-Mart has not agreed to pay the amounts awarded.

WHEREFORE Petitioners Gray Construction, Inc. and Travelers Casualty and Surety Company of America respectfully request that the Court issue a judgment granting the following relief to Gray and Travelers:

    a.    A judgment confirming the Final Award rendered on May 8, 2018, and awarding Gray $223,438.52, plus simple interest on that amount at the rate of 4.75% per year from October 28, 2016, until paid, against Wal-Mart;

    b.    post-judgment interest on the amounts due to Gray;

    c.    costs and attorneys' fees incurred in this action; and

    d.    such further relief as the Court considers just and proper.

Dated: June 5, 2018

Respectfully submitted:

s/ Bernard E. Nodzon
James J. Hartnett IV (MN #238624)
Bernard E. Nodzon (MN #032422)
Laura A. Reilly (MN #0397655)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Fax: (612) 766-1600
james.hartnett@FaegreBD.com
bj.nodzon@FaegreBD.com
laura.reilly@FaegreBD.com

*Attorneys for Petitioners Gray Construction, Inc. and Travelers Casualty and Surety Company of America*